## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:22-CR-00426 |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT E. BOONE, *et al.* | : | Judge Jennifer P. Wilson |

## MEMORANDUM

In this case, a federal grand jury returned an indictment charging Defendants with six counts of major fraud against the United States, 18 U.S.C. § 1031, and conspiracy to commit the same, 18 U.S.C. § 371. The indictment, however, has "shortcomings [that] substantially hinder Defendants' ability to prepare for trial." *United States v. Boone*, 22-cr-426, 2025 WL 3530078, at *17 (M.D. Pa. Dec. 9, 2025). Due to these shortcomings, the court ordered the Government to file a bill of particulars. The Government did so, but Defendants believe the bill of particulars fails to remedy the indictment's shortcomings. They now move for the court to compel the Government to provide an amended bill of particulars. For the reasons that follow, the court will grant in part and deny in part Defendants' motion.

1

## BACKGROUND[1]

The present dispute stems from prior litigation concerning the indictment's sufficiency.  Previously, Defendants moved to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).  (Doc. 116.)  The court denied the motion, finding that the indictment satisfies its constitutional function of informing Defendants of the charges against them.  *Boone*, 2025 WL 3530078, at *9.

Accompanying Defendants' motion to dismiss was an alternative motion for a bill of particulars.  (Doc. 117.)  Defendants argued—assuming the indictment stated an offense—that they could not adequately prepare for trial without certain additional information.  (Doc. 118, p. 4.)[2]  The court granted that motion in part. (Doc. 193.)  The court determined that the vast scope of the charged fraudulent schemes—which allegedly occurred over a nearly 20-year period, involved countless representations, and operated within a complex regulatory paradigm— necessitated additional clarity about the charges against Defendants.  *Boone*, 2025 WL 3530078, at *13–17.  Specifically, the court ordered the Government to identify three categories of information.  The first is "the false and fraudulent pretenses, representations, promises, and/or omissions that the Government intends to prove were the means by which Defendants executed the charged fraudulent

---

[1] The court writes for the benefit of the parties and, therefore, assumes familiarity with this case.

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

schemes." (*Id.* ¶ 4.)  The second is "all Small Business Administration rules and regulations that Defendants allegedly violated in executing the charged fraudulent schemes." (*Id.*)  The third is "the factual basis for charging attempt to commit major fraud against the United States." (*Id.*)

The Government filed a 39-page, single-spaced letter containing the bill of particulars.  (Doc. 202.)  Finding this filing deficient, Defendants have moved to compel the Government to provide an amended bill of particulars.  (Doc. 230.)  The Government opposes the motion.  Both parties have filed briefs in support of their respective positions, and the court has reviewed these briefs.  (Docs. 231, 254, 260.)  Defendants' motion is now ripe for adjudication.

### STANDARD OF REVIEW

Federal Rule of Criminal Procedure 7(f) gives courts the power to "direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f).  "A bill of particulars is a 'formal, detailed statement of the claims or charges brought by . . . a prosecutor.'"  *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)).  Its purpose is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."  *Id.* (quoting *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971)).

The decision whether to require a bill of particulars has long been committed to the trial court's discretion. *Will v. United States*, 389 U.S. 90, 98–99 (1967); *Addonizio*, 451 F.2d at 64. In general, courts should grant a motion for a bill of particulars "whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989); *accord Urban*, 404 F.3d at 771–72. This standard calls for courts to consider "matter[s] of degree" and cannot be reduced to "definite rules." *Addonizio*, 451 F.2d at 64 (quoting *United States v. Russo*, 260 F.2d 849, 850 (2d Cir. 1958)).

Nevertheless, a bill of particulars is not a discovery tool intended to "provide the defendant with the fruits of the [G]overnment's investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985); *accord Addonizio*, 451 F.2d at 64; *United States v. Tedesco*, 441 F. Supp. 1336, 1343 (M.D. Pa. 1977) (noting that a bill of particulars is not "a means of compelling disclosure of every detail of the preparation and theory of the Government's case."). Instead, "it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Smith*, 776 F.2d at 1111.

4

**DISCUSSION**

Defendants argue that the Government's bill of particulars is deficient with respect to each of the three categories it was required to disclose.  The court discusses each category *seriatim*.

### A. False and Fraudulent Pretenses, Representations, Promises, and/or Omissions

The indictment charges that Defendants "knowingly and willfully executed and attempted to execute, and willfully participated in, a scheme and artifice with the intent to defraud the United States and to obtain money and property by means of false and fraudulent pretenses, representations, and promises."  (Doc. 1, ¶¶ 69, 88.)  In granting Defendants' motion for a bill of particulars, the court ordered the Government to disclose "the false and fraudulent pretenses, representations, promises, and/or omissions that the Government intends to prove were the means by which Defendants executed the charged fraudulent schemes."[3]  (Doc. 193, ¶ 4.) Defendants identify several purported deficiencies with what the Government ultimately disclosed, which generally can be categorized as either concerning the scope of the disclosure or the substance of the disclosure.

---

[3] The court ordered the Government to disclose omissions, if applicable, since the Government's briefing on Defendants' motion for a bill of particulars suggested that the charged schemes involved omissions.  *Boone*, 2025 WL 3530078, at *15 n. 12.

### 1. Scope of the Disclosure

The scope of what the court ordered the Government to disclose must be understood in light of the objectives served by requiring a bill of particulars. A bill of particulars is meant to inform defendants of the charges against them, *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 429 (3d Cir. 2016), and to "define and limit the [G]overnment's case," *id.* at 431. This court ordered the Government to identify the falsehoods that "were the means by which Defendants executed the charged fraudulent schemes," which is to say the falsehoods that constitute the *charged* conduct. (Doc. 193, ¶ 4.) In doing so, the bill of particulars should have accomplished a specific, narrow purpose: identify the falsehoods that can be the bases for a conviction. It did not do that here. The Government's narrative discussion of alleged falsehoods has two defects that render this portion of the bill of particulars defective.

The first defect is that the list includes uncharged falsehoods and does not distinguish them from those that are charged. The Government acknowledges that, indeed, not every falsehood it identifies is charged conduct. It states that it will seek to introduce some falsehoods at trial under Federal Rule of Evidence 404(b), Doc. 254, p. 31, and others as "intrinsic to the charged offenses," *id.* at 33. Of course, no falsehood in either of those categories can be the basis upon which the jury convicts, because Rule 404(b) evidence and intrinsic evidence are, by

6

definition, uncharged acts. *See United States v. Green*, 617 F.3d 233, 248–49 (3d Cir. 2010) (recognizing that both Rule 404(b) evidence and intrinsic evidence concern uncharged conduct). The court did not order the Government to disclose uncharged falsehoods. The fact that the Government elected to do so voluntarily is a problem because it is impossible to tell which falsehoods are charged and which are uncharged. The failure to demarcate the two does more to obfuscate than to clarify, which defeats the purpose of a bill of particulars.

The second defect is that the Government's list is admittedly incomplete. In the Government's words, the bill of particulars "does not provide an exhaustive list of each and every misrepresentation that the [D]efendants made that is captured within the evidence of this case." (Doc. 202, p. 25.) To be clear, the court never ordered the Government to identify every potential falsehood it may want to present at trial. Such an undertaking is far beyond the proper purpose of a bill of particulars. *See United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975) (instructing that a bill of particulars is not meant to provide "wholesale discovery of the Government's evidence"). What the court did order the Government to identify were the falsehoods that are the bases for the charged crimes. The list of those falsehoods was expected to be complete. Otherwise, the bill of particulars would not temper the specter of Defendants having to guess which statements among thousands can be a basis for conviction. The Government's disclaimer

7

makes clear that the list of falsehoods is not complete.  That issue must be rectified.

### 2.  Substance of the Disclosure

Defendants identify several deficiencies with respect to specific falsehoods alleged in the bill of particulars.  The court need not meticulously analyze each one, since it is unclear which falsehoods the Government will include in the amended bill of particulars.  Yet, it is prudent to generally address Defendants' arguments so as to guide the Government's preparation of the amended bill of particulars.

One deficiency concerns the specificity with which the Government must identify the falsehoods.  For instance, Defendants find fault in the following allegation in the bill of particulars: "[T]echnical proposals falsely conveyed that Elstner Construction Company would play a role in the execution of contracts awarded to the company when, in reality, it played, in the words of Defendant Rebecca J. Davis, no role in the 'day-to-day operations.'"  (Doc. 202, p. 19.)  They contend that the Government should have—rather than imply a falsehood— identified the specific allegedly false statements in the technical proposals that conveyed this information.  (Doc. 231, p. 13.)  The court agrees.  If the Defendants are charged with conveying false impressions, the Government must identify the specific falsehoods by which they conveyed the false impressions.

8

Another fault Defendants raise is that the Government fails to explain why certain falsehoods are false.  For instance, the bill of particulars states that the technical proposals "falsely characterized" Scott Boone and Thomas Lauer "as Elstner 'personnel' and part of 'Elstner's team.'"  (Doc. 202, p. 19.)  Defendants assert that the Government should explain how this alleged falsehood was false.  (See Doc. 231, p. 13.)  Here, the court disagrees.  The Government is only required to identify the specific falsehoods that constitute the charged conduct; that identification will enable Defendants "to conduct [their] *own* investigation."  *Smith*, 776 F.2d at 1111.  An explanation as to how each falsehood is false veers into the category of "the fruits of the government investigation," to which Defendants are not entitled.  *Id.*

Finally, Defendants contend that the bill of particulars should have identified two pieces of information with respect to alleged omissions.  The first is the source of Defendants' duty to disclose for each alleged omission.  (*See* Doc. 231, p. 15.)  In response, the Government takes the position that proof of a duty to disclose is unnecessary to secure a conviction in this case.  (Doc. 254, pp. 16–17.)  Having taken this position, the Government need not identify any duties to disclose.  The other piece of information Defendants seeks is detailed information about what they should have disclosed for each alleged omission.  (*See, e.g.*, Doc. 231, p. 16.)  For example, Defendants take exception with the bill of particulars' allegation that

9

Defendants omitted from a submission to the Small Business Administration the existence of an "assignment of authority" letter. (*Id.* (citing Doc. 202, pp. 3, 20).) In Defendants' view, the bill of particulars must also allege what Defendants should have disclosed with respect to the "assignment of authority" letter. (*See id.*) This is akin to asking the Government to explain how an alleged falsehood is false. That type of information is not required to satisfy the purpose of a bill of particulars.

### 3. Proper Scope and Substance of the Amended Bill of Particulars

An amended bill of particulars is necessary to cure the defects identified above. It is appropriate here—in order to avoid future litigation on this topic—for the court to spell out precisely what it expects the amended bill of particulars to include for this first topic. The bill of particulars should disclose every alleged false and fraudulent pretense, representation, promise, and/or omission that the grand jury relied upon to charge each count in the indictment. Thought of another way, the court will eventually have to identify for the jury "[t]he representations which the [G]overnment charges were made as part of the scheme[s] to defraud." Third Circuit Model Jury Instrs. § 6.18.1341-1. The amended bill of particulars should only list the alleged falsehoods that the grand jury determined fit in that category. Other falsehoods—like Rule 404(b) evidence or intrinsic evidence—should <u>not</u> be included.

No other information needs to accompany each specific falsehood.  So, for instance, the Government need not explain why an alleged falsehood was false.  Nevertheless, each falsehood should specify the document or other format in which Defendants allegedly made the falsehood.  The following is an example of an acceptably specific disclosure:  In document *D*, Defendants falsely stated that [specific information].  So, too, this would also be acceptable: During conversation *C*, Defendants fraudulently omitted to state that [specific information].  Ultimately, a complete bullet-point list of charged falsehoods in the format of these examples is what is needed for the Government to satisfy its obligation as to this category.  Nothing more is required; and anything else (such as 404(b) and intrinsic evidence) is precluded.

### B. Rules and Regulations

The indictment alludes to violations of certain Small Business Administration rules and regulations, yet does not specifically name those that Defendants allegedly violated.  Given the complexity of the alleged fraud scheme and the regulatory regime involved, the court determined that Defendants were entitled to know which rules and regulations were allegedly violated.  *Boone*, 2025 WL 3530078, at \*15–16.  Thus, the Government was ordered to disclose "all Small Business Administration rules and regulations that Defendants allegedly violated in

executing the charged fraudulent schemes." (Doc. 193, ¶ 4.) Defendants contend that the bill of particulars failed to comply with this order for two reasons.

Defendants' first grievance is that the bill of particulars identifies regulations Defendants either "violated or implicated through their violations," Doc. 202, p. 25, yet does not explain which regulations were merely implicated versus violated. (Doc. 231, p. 20.) The court agrees that this is a problem. Again, a bill of particulars clarifies the grand jury's allegations. *United States v. DePaoli*, 41 F. App'x 543, 546 (3d Cir. 2002) ("The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him."). The court ordered a bill of particulars to inform the Defendants of the regulations the grand jury accused them of violating in executing the charged schemes. (*See* Doc. 193, ¶ 4.) Simply naming the regulations generally alluded to by the indictment would have accomplished that objective. Additionally naming implicated regulations does nothing to detail the grand jury's allegations; it only illuminates the Government's theory of the case. The Government is free to voluntarily disclose what it wishes. But its failure to distinguish violated regulations from implicated regulations creates unnecessary ambiguity in discerning precisely what the grand jury alleged. Amendment is necessary to clear up this ambiguity.

Defendants' other grievance is that the bill of particulars does not describe how they violated certain regulations. For example, Defendants want the

Government to explain if they are "charged with falsely promising to comply" with certain regulations "or with falsely reporting later compliance" with them. (Doc. 231, p. 21.) What the Defendants really want, in essence, is for the Government to connect each alleged falsehood with a corresponding regulatory violation. The Government does not need to lay out its case-in-chief in such a manner. The amended bill of particulars will include a list of alleged falsehoods and a list of violated rules and regulations. With that information, the Defendants can connect the dots for themselves and conduct their own investigation.

The court again will explain precisely what it expects the Government to include in the amended bill of particulars. The amended bill of particulars merely needs to contain a bullet-point list of citations to the rules and regulations that the grand jury found Defendants allegedly violated in executing the *charged* fraudulent schemes. No other information should be included.

### C. Attempt Charge

The indictment charges that Defendants both committed major fraud against the United States and attempted to do so. (Doc. 1, ¶¶ 69, 88.) Nowhere in the indictment, however, can one glean an attempted, uncharged scheme. *Boone*, 2025 WL 3530078, at 16. For this reason, the court ordered the Government to proffer "the factual basis for charging attempt to commit major fraud against the United States." (Doc. 193, ¶ 4.) The bill of particulars cogently explains that the factual

basis for the attempt charge is the same as the basis for charging completed offenses. (Doc. 202, p. 39.) In other words, the indictment does not allege a separate, unexecuted scheme.

Defendants contend that this explanation amounts to an abandonment of an attempt theory of liability. (Doc. 231, p. 24.) Not so. Major fraud against the United States can occur when one "knowingly executes" a fraudulent scheme "or attempts to execute" one. 18 U.S.C. § 1031. The indictment is entitled to charge the two conjunctively, as it does. *See United States v. Niederberger*, 580 F.2d 63, 68 (3d Cir. 1978); *United States v. Wiener*, 127 F. Supp. 2d 645, 650–51 (M.D. Pa. 2001). The bill of particulars clarifies that there is no separate factual basis for the attempt allegation. In providing this clarity, the Government complied with the court's order and did not abandon its attempt theory.

### D. Defendants' Request to Strike Allegations in the Bill of Particulars

The final issue to address concerns the scope of the bill of particulars' allegations. Defendants claim that the breadth of the allegations (1) impermissibly expands the bases for conviction beyond what the grand jury charged and (2) invites constructive amendment. (Doc. 231, pp. 24–35.) For relief, Defendants ask the court to strike the allegations they say are beyond the scope of the indictment. (*See id.* at 35.) The court will deny Defendants' request since the

14

Government will file an amended bill of particulars and the court does not know what its contents will be.

## CONCLUSION

For the foregoing reasons, the court will grant in part and deny in part Defendants' motion to compel.  (Doc. 230.)  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 24, 2026

15