FILED
HARRISBURG, PA
AUG 1 2 2026
PER ____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:22-CR-426 |
| v. | : | |
| | : | (Judge Wilson) |
| **SCOTT E. BOONE,** | : | |
| **DANIEL E. MCGUIRE,** | : | |
| **THOMAS E. LAUER,** | : | |
| Defendants. | : | |

**NOTICE REGARDING SUPERSEDING INDICTMENT**

AND NOW, pursuant to LCrR. Rule 7.1, the United States submits the following Notice Regarding the Superseding Indictment filed in this matter, identifying for the Court and the defendants the differences between the current, superseding indictment returned by the Grand Jury and the prior indictment:

____1. This superseding indictment adds the following charges: (N/A. This superseding indictment adds no new charges.)

__X__2. Regarding this superseding indictment, the United States:

_____ Intends to file a motion for a continuance of trial.

__X__ Does not intend to file a motion for a continuance of trial.

The United States hereby places the defendants on notice that this superseding indictment contains additional details regarding the charges initially filed in this case, consistent with the United States' previously filed Amended Bill of Particulars. *See* Doc. 297. As before, the United States continues to reserve its rights with respect to several issues that the parties previously litigated and may continue to litigate going forward. *See id.* at 10.

As the Court is aware, the United States originally provided the defendants a bill of particulars on January 12, 2026 and an amended bill of particulars on May 15, 2026.[1] Accordingly, the defendants have been on explicit notice of the additional details contained in the superseding indictment—and in particular the additional false and fraudulent pretenses, representations, promises, and omissions and acts of material concealment included therein—for a significant length of time. On August 12, 2026, the United States presented this superseding indictment to the Grand Jury, and it was returned.

1 As the Court is aware, the defendants moved for an amended bill of particulars more than two months after receiving the original bill of particulars. *See* Doc. 230.

Again, the Superseding Indictment adds no new charges and does not materially amend the original charges. The additional details provided in the Superseding Indictment do not expand the scope of the case, the evidence or witnesses to be presented at trial, or the scope of discovery. *See United States v. Friedman*, 649 F.2d 199, 204 (3d Cir. 1981); *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003); *United States v. O'Bryant*, 998 F.2d 21, 24–25 (1st Cir. 1993). The conspiracy counts charged in Count 1 and Count 7 of the superseding indictment are the same as the conspiracy counts charged in Count 1 and Count 7 of the original indictment. Counts 3 through 6 and Count 8 in the superseding indictment are the same as the corresponding counts in the original indictment.

The inclusion of additional details, which clarify but do not expand or materially amend the original charges, should serve to avoid any further argument over whether the charging instrument alleges false and fraudulent pretenses, representations, promises, and omissions and acts of material concealment by means of which the defendants conspired to execute a scheme to defraud, executed a scheme to defraud, and attempted to execute a scheme to defraud. *See United States v.*

*Ferriero*, 866 F.3d 107, 120 (3d Cir. 2017); *United States v. Morales*, 664 Fed. Appx. 228, 230, n.4 (3d Cir. 2016); *United States v. Morris*, 80 F.3d 1151, 1161 (7th Cir. 1996).[2] It should furthermore serve to avoid argument at trial over a variance or constructive amendment. *See United States v. Daraio*, 445 F.3d 253 (3d Cir. 2006); *United States v. Schurr*, 794 F.2d 903 (3d Cir. 1986); *United States v. Goldstein*, 989 F.3d. 1178 (11th Cir. 2021).

As stated above, the United States is not planning to file a motion to continue the trial date. No continuance is warranted under the

[2] Again, the United States does not concede that alleging a scheme to defraud or a conspiracy to execute a scheme to defraud requires a charging instrument to include an express list of false and fraudulent pretenses, representations, promises, and omissions and acts of material concealment by means of which the scheme allegedly took place.

circumstances. *See United States v. Irizarry*, 341 F.3d 273, 305–06 (3d Cir. 2003).

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

Dated: August 12, 2026

BY: */s/ Ravi R. Sharma*
Ravi Romel Sharma
Assistant U.S. Attorney
PA 331135
1501 N. 6th Street, Box 202
Harrisburg, PA 17102
Tel: (717) 221-4482
Fax: (717) 221-4493
ravi.sharma@usdoj.gov