**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

SCOTT E. BOONE,
DANIEL E. MCGUIRE, and

Defendants.

No. 1:22-CR-00426-JPW

(Judge Wilson)

# DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS

(Working Draft for Charge Conference)

## TABLE OF CONTENTS

PART ONE: REQUESTED STANDARD INSTRUCTIONS (THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS) ....2

PART II: PROPOSED INSTRUCTIONS REQUIRING TAILORING ....5

Proposed Instruction No. 1: Separate Consideration of Each Defendant and Each Offense ....5

Proposed Instruction No. 2: Credibility of Cooperating Witnesses, Accomplices, and Witnesses Who Have Pleaded Guilty ....6

Proposed Instruction No. 3: Witness Testifying in Two Capacities (Dual Role Testimony) ....8

Proposed Instruction No. 4: Counts 1 and 7: Conspiracy (18 U.S.C. § 371), Basic Elements ....10

Proposed Instruction No. 5: Counts 2 through 6 and Count 8: Major Fraud Against the United States (18 U.S.C. § 1031), Elements ....12

Proposed Instruction No. 6: Good Faith Defense ....14

Proposed Instruction No. 7: Good Faith Reliance on the Advice of Professionals and Government Representatives ....17

Proposed Instruction No. 8: Caution: Civil Rules, Regulations, and Contract Requirements (To Be Given During Trial) ....19

Proposed Instruction No. 9: Violations of Regulations and Contract Requirements Are Not Crimes (Final Instruction) ....20

Proposed Instruction No. 10: Mistake of Fact and Law (Theory of Defense) ....22

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

SCOTT E. BOONE,
DANIEL E. MCGUIRE, and

Defendants.

No. 1:22-CR-00426-JPW

(Judge Wilson)

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS**

(Working Draft for Charge Conference)

Defendants Scott E. Boone and Daniel E. McGuire respectfully submit the following proposed jury instructions. Part One identifies the standard instructions from the Third Circuit Model Criminal Jury Instructions for the District Courts of the Third Circuit that Defendants request in substantially unmodified form, subject to conforming edits at the charge conference, as referenced herein. Part Two sets out the full text of the instructions that require tailoring to the charges and evidence in this case, together with supporting authority. Pursuant to Fed.R.Crim.P. 30, Defendants reserve the right to **supplement, withdraw, or modify** these requests based on the evidence at trial and the Court's rulings.

## PART ONE: REQUESTED STANDARD INSTRUCTIONS (THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS)

Defendants request the following instructions substantially as set forth in the current posted revisions of the Third Circuit Model Criminal Jury Instructions:

**Chapter 1 (Preliminary Instructions).** Preliminary instructions for use at the commencement of trial before opening statements: preliminary instructions to jury panel (1.01), role and conduct of the jury (1.02, 1.03), bench (side-bar) conferences (1.04), note taking by jurors (1.05), questions by jurors of witnesses (1.06), description of trial proceedings (1.07), evidence and inferences (1.08, 1.09), witness credibility (1.10), the nature of the indictment (1.11), and presumption of innocence and burden of proof (i.e., reasonable doubt) (1.13).

**2.09.** Opinion Evidence (Expert Witnesses), to be given at the time each opinion witness is qualified. The word "expert" should not be used in the presence of the jury.

**Chapter 2 (Instructions During Trial).** Applicable during trial instructions, including: recesses (2.01), stipulations (2.02, 2.03), judicial notice (2.04), opinion evidence (lay witnesses) (2.10), testimony and impeachment instructions (2.14 – 2.28) (when applicable),and disposition of charges against a co-defendant during trial (2.32), should that arise; and the cautionary instruction on civil rules and regulations set out as Proposed Instruction No. 8, to be given when regulatory evidence is first introduced.

**Chapter 3 (Final Instructions: General).** Role of the jury (3.01), evidence (3.02, 3.03), credibility of witnesses (3.04), not all evidence/not all witnesses needed (3.05), presumption of innocence, burden of proof and reasonable doubt (3.06), nature of indictment – the indictment is not evidence (3.07), "on or about" (3.08), venue (3.09), election of foreperson and accompanying instructions (unanimous verdict, do not consider punishment, duty to deliberate, communication with court) (3.16), verdict form (3.17), special verdict form and special interrogatories (3.18).

**3.12, 3.13, 3.14.** Separate consideration instructions, as applicable to the final charge and verdict form (*see* Proposed Instruction No. 1).

**4.08, 4.09.** Opinion Evidence (Expert Witnesses); Opinion Evidence (Lay Witnesses) (see Proposed Instruction No. 3).

**4.19, 4.20.** Credibility of Witnesses: Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses; Testimony of Informer (see Proposed Instruction No. 2).

**4.26.** Credibility of Witnesses: Law Enforcement Officer, if requested.

**4.27**. Defendant's Choice not to Testify or Present Evidence

**4.28**. Defendant's Testimony

**Chapter 4 (Impeachment; False in One, False in All).** Impeachment of Witness (Prior Conviction) (4.25), as to any government witness with a qualifying conviction; and False in One, False in All (4.26). Both were given in the final charge in *United States v. Gilbert*, No. 21-79 (W.D. Pa. Dec. 13, 2023).

**Chapter 4 (Charts and Summaries).** Charts and summaries admitted into evidence and charts and summaries not admitted into evidence (4.10, 4.11), given the contract and payment summary exhibits anticipated at trial.

**Chapter 5 (Mental States).** Knowingly (5.02); intentionally (5.03); motive explained (5.04); willfully (5.05).

**6.18.371A through 6.18.371K.** Conspiracy (18 U.S.C. § 371): basic elements (6.18.371A and, as to the defraud clause object charged in Count 7, 6.18.371B); existence of an agreement (371C); membership in the agreement (371D); mental states (371E); overt acts (371F); success immaterial (371G); single or multiple conspiracies (371H); duration (371I); withdrawal (371J-1, 371J-2), as applicable; acts and statements of co-conspirators (371K).

**7.01, 7.02.** Attempt; Aiding and Abetting (18 U.S.C. § 2).

Citations are to the instruction numbering in the revisions currently posted on the Third Circuit's website (Chapter 3 revised 2021; Chapters 4 and 6 conspiracy materials revised 2021; Chapter 6 fraud materials revised 2022) and are meant to be conformed to the numbering in effect at the time of trial.

# PART TWO: INSTRUCTIONS REQUIRING TAILORING

## PROPOSED INSTRUCTION NO. 1

### Separate Consideration of Each Defendant and Each Offense

Scott E. Boone and Daniel E. McGuire, are each charged in the eight counts of the Superseding Indictment. In our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense. For each defendant and each offense, you must decide whether the government has proved beyond a reasonable doubt that that particular defendant is guilty of that particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each offense and each defendant must be considered separately.

The number of offenses charged is not evidence of guilt and should not influence your decision in any way.

**Authority:** Adapted from Third Circuit Model Criminal Jury Instructions 3.12, 3.13, and 3.14 (Separate Consideration) (2021 rev.), which instruct that guilt is personal and individual, that the jury must separately consider the evidence against each defendant and return a separate verdict for each defendant, and that the decision on one defendant should not influence the decision on any other.

## PROPOSED INSTRUCTION NO. 2

### Credibility of Cooperating Witnesses, Accomplices, and Witnesses Who Have Pleaded Guilty

You have heard evidence that [WITNESS NAME] [select all that apply: is an alleged accomplice or co-conspirator, someone who says he or she participated in the crimes charged; has made a plea agreement with the government; has received a promise from the government that he or she will not be prosecuted; has received a promise from the government that his or her testimony will not be used against him or her in a criminal case; has received a benefit from the government in exchange for testifying, such as a promise that the government will bring the witness's cooperation to the attention of the sentencing court].

You must examine the testimony of [WITNESS NAME] with great care and caution in deciding whether or not to believe it. This is because such a witness may have a motive to testify falsely, including a hope of obtaining a benefit from the government or a more lenient sentence. If you decide to believe the testimony, you may give it whatever weight you think it deserves.

[If applicable:] You have also heard evidence that [WITNESS NAME] has pleaded guilty to an offense arising out of the same events for which the defendants are on trial. You must not consider that guilty plea as any evidence of the guilt of any defendant on trial here. The witness's guilty plea concerns only that witness. You may consider the plea only for the purpose of evaluating the credibility of the witness. The decision of that witness to plead guilty is a personal decision about his or her own guilt, and it is not evidence of the guilt of Scott E. Boone or Daniel E. McGuire whose guilt or innocence must be determined solely on the basis of the evidence against each of them individually.

**Authority:** Third Circuit Model Criminal Jury Instruction 4.19 (Credibility of Witnesses: Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses) (2021 rev.), including the bracketed language directing that an accomplice's guilty plea is not evidence of the defendant's guilt. See also Third Circuit Model Criminal Jury Instruction 4.20 (Testimony of Informer), as applicable. The bracketed options should be selected witness by witness to match the agreement, promise, or benefit actually received.

## PROPOSED INSTRUCTION NO. 3

### Witness Testifying in Two Capacities (Dual Role Testimony)

You have heard testimony from [WITNESS NAME]. That witness testified in two different capacities, and you must evaluate each part of the testimony separately.

First, [WITNESS NAME] testified as a fact witness about things he or she personally saw, heard, or did during the investigation of this case. You should evaluate that factual testimony the same way you evaluate the testimony of any other fact witness.

Second, [WITNESS NAME] gave opinion testimony based on his or her specialized knowledge, skill, experience, training, or education. That opinion testimony is permitted, but it is not entitled to any greater weight simply because of the witness's position, title, or experience. You should judge the opinion testimony as you judge any other opinion testimony: consider the witness's qualifications, the reasons given for each opinion, and all of the other evidence in the case. You may accept it or reject it, in whole or in part, and give it as much weight as you think it deserves.

It is important that you keep these two roles separate. The fact that the witness was permitted to give opinions does not mean that his or her factual testimony is more believable than that of any other witness, and the fact that the witness participated in the investigation does not mean that his or her opinions are correct. You are the sole judges of the facts and of the weight and credibility of all of the testimony.

**Authority:** Adapted from Ninth Circuit Model Criminal Jury Instruction 3.15 (Dual Role Testimony); no Third Circuit model instruction exists. *See United States v. Fulton*, 837 F.3d 281, 301 (3d Cir. 2016) (discussing the dangers of a case agent

testifying in blended lay and expert capacities and the need to keep the roles distinct for the jury); *United States v. Vera*, 770 F.3d 1232, 1246 (9th Cir. 2014), and *United States v. Torralba-Mendia*, 784 F.3d 652, 659 (9th Cir. 2015) (omission of a dual role cautionary instruction can be plain error). To be paired with Third Circuit Model Criminal Jury Instructions 2.09, 4.08 (Opinion Evidence, Expert Witnesses) and 4.09 (Opinion Evidence, Lay Witnesses); the comments to those instructions direct that both sets be given when the same witness offers both kinds of testimony, and that the word "expert" not be used before the jury.

## PROPOSED INSTRUCTION NO. 4

### Counts 1 and 7: Conspiracy (18 U.S.C. § 371), Basic Elements

Counts 1 and 7 of the Superseding Indictment each charge the defendants with conspiracy to commit major fraud against the United States, in violation of Section 371 of Title 18 of the United States Code. Count 1 concerns the alleged conspiracy relating to contracts at Letterkenny Army Depot. Count 7 concerns the alleged conspiracy relating to the contract at the Salem Veterans Affairs Medical Center. You must consider each conspiracy count separately.

In order to find a defendant guilty of the conspiracy charged in a particular count, you must find that the government proved each of the following four elements beyond a reasonable doubt as to that defendant and that count:

First: That two or more persons agreed to commit the offense of major fraud against the United States, as charged in that count. I will explain the elements of major fraud against the United States to you shortly.

Second: That the defendant was a party to or member of that agreement.

Third: That the defendant joined the agreement or conspiracy knowing of its objective to commit major fraud against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

Fourth: That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

If a conspiracy count charges an agreement to accomplish more than one object, the government must prove that the conspirators agreed to accomplish at least

one of the charged objects, and you must unanimously agree on which object. It is not enough if some of you find that one charged object was the objective of the conspiracy and others of you find that a different object was.

In addition, to find a defendant guilty of the conspiracy charged in a particular count, you must unanimously agree on at least one overt act that a member of the conspiracy committed in furtherance of the objective of that conspiracy.

**Authority:** Third Circuit Model Criminal Jury Instruction 6.18.371A (Conspiracy to Commit an Offense Against the United States, Basic Elements) (2021 rev.), adapted to the two conspiracies charged. To be given with Instructions 6.18.371C through 6.18.371K as applicable, including 6.18.371H (Single or Multiple Conspiracies), which is warranted here because two separate conspiracies are charged. To the extent Count 7 also charges an agreement to defraud the United States, Instruction 6.18.371B applies to that object. See *United States v. Rigas*, 605 F.3d 194, 203-12 (3d Cir. 2010) (Section 371 creates a single offense of conspiracy; the offense clause and the defraud clause are alternative means). The unanimity paragraph is drawn from *United States v. Tyson*, 653 F.3d 192, 210 (3d Cir. 2011), and the modified Instruction 6.18.371C proposed in *United States v. Hertel & Brown Physical and Aquatic Therapy*, No. 1:21-cr-39 (W.D. Pa.), ECF No. 1270. The overt act unanimity requirement was charged in the final jury instructions in *United States v. Gilbert*, No. 21-cr-79 (W.D. Pa.), Final Jury Instructions, ECF No. 406 (Dec. 13, 2023) (Colville, J.) (instructing, as to the Section 371 counts, that the jury must unanimously agree on the overt act that was committed).

## PROPOSED INSTRUCTION NO. 5

### Counts 2 through 6 and Count 8: Major Fraud Against the United States (18 U.S.C. § 1031), Elements

Counts 2 through 6 and Count 8 of the Superseding Indictment charge the defendants with major fraud against the United States, in violation of Section 1031 of Title 18 of the United States Code. Each count concerns a different contract, and you must consider each count, and each defendant, separately.

In order to find a defendant guilty of major fraud against the United States as charged in a particular count, you must find that the government proved each of the following elements beyond a reasonable doubt as to that defendant and that count:

First: That the defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud the United States, or to obtain money or property from the United States by means of materially false or fraudulent pretenses, representations, or promises;

Second: That the defendant acted willfully and with the intent to defraud;

Third: That the scheme or artifice was in a procurement of property or services by the United States, in which the defendant acted as a prime contractor with the United States, or as a subcontractor or supplier on a contract in which there was a prime contract with the United States; and

Fourth: That the value of the contract, subcontract, or any constituent part thereof, was $1,000,000 or more.

A "scheme or artifice to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive or cheat the United States, or to deprive the United States of something of value, by means of false or fraudulent pretenses, representations, or promises. A statement, representation, or omission is

"material" if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it is addressed. A representation is not material merely because the government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of award or payment, and it is not enough that the government would have had the option to decline to award the contract or to decline to pay had it known of the noncompliance. Materiality cannot be found where the noncompliance is minor or insubstantial. If the government awards a contract or pays claims despite actual knowledge that certain requirements were violated, that is strong evidence that those requirements are not material. To act with "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat. A defendant who acts in good faith does not act with intent to defraud.

**Authority:** 18 U.S.C. § 1031(a). No Third Circuit model instruction exists for Section 1031; the elements are adapted from Eleventh Circuit Pattern Jury Instruction (Criminal) O43 (Major Fraud Against the United States) and the statutory text. The definitions of scheme to defraud, materiality, and intent to defraud are adapted from Third Circuit Model Criminal Jury Instructions 6.18.1341-1 (Scheme to Defraud or to Obtain Money or Property), 6.18.1341-1A (Materiality), and 6.18.1341-4 (Intent to Defraud, Defined) (2023 rev.). The materiality limitations are drawn from *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 193-95 (2016), as incorporated into the scheme to defraud instruction proposed in *Hertel & Brown*, ECF No. 1270. Whether the omissions and concealment language added by the Superseding Indictment may be charged as a means of committing the offense should be resolved before the charge. Should the Court permit the omissions and concealment theory to go to the jury, Defendants request that any instruction defining falsity by half truth or omission condition such falsity on an intent to defraud, consistent with the definition of “false” given in *United States v. Gilbert*, No. 21-79 (W.D. Pa.), Final Jury Instructions, ECF No. 406 (Dec. 13, 2023) (Colville, J.) (a representation is false when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud).

## PROPOSED INSTRUCTION NO. 6

### Good Faith Defense

Good faith is a complete defense to the charges in the Superseding Indictment, because good faith on the part of a defendant is inconsistent with the intent to defraud and with the willfulness that are essential elements of the charged offenses.

The essence of the good faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent. If a defendant believed he was acting properly, even if he was mistaken in that belief, and even if others were injured or lost money as a result, there is no crime. A person acts in good faith when he has an honestly held belief, opinion, or understanding that his acts were not unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Proof of fraudulent intent requires more than proof that a defendant made a mistake in judgment or management, or was careless.

In this case, you have heard evidence about the requirements of the Small Business Administration's 8(a) Business Development Program, the Service-Disabled Veteran-Owned Small Business Program, and related federal contracting rules and contract provisions. A defendant who made a good faith attempt to comply with those requirements did not act with intent to defraud, even if the attempt was imperfect or the defendant's understanding of what the requirements demanded was incorrect. A person who acts on an honest, good faith misunderstanding of the requirements of the law does not act with intent to defraud simply because his understanding of the law was wrong.

It is not enough for the government to show that a reasonable contractor or program participant would not have acted in a certain way, or would have investigated further, or that others in the industry might have looked askance at a practice. The government must instead prove that the defendant you are considering

did not himself have a good faith belief that his conduct was lawful. Common industry practice may be relevant to deciding whether the government has met that burden. Evidence that a defendant acted in line with industry practice might suggest that he had a good faith belief that his conduct was lawful and cast doubt on the wrongful intent that is an element of the charged offenses, and flagrant departures from industry norms might suggest the contrary. Even so, noncompliance with industry norms is not, in itself, sufficient to show the absence of good faith.

The burden of proving good faith does not rest with the defendants, because the defendants have no obligation to prove anything in this case. Good faith is a defense because it is inconsistent with the mental state elements the government must prove. It is the government's burden to prove intent to defraud, and willfulness, beyond a reasonable doubt. If the evidence in the case leaves you with a reasonable doubt as to whether a defendant acted with intent to defraud, or instead acted in good faith, you must find that defendant not guilty. And even apart from good faith, if you find for any other reason that the government has not proved the required mental state beyond a reasonable doubt, you must find that defendant not guilty of the charged offense.

**Authority:** Given in substantially similar form in the final jury instructions in United States v. Gilbert, No. 21-79 (W.D. Pa.), Final Jury Instructions, ECF No. 406 (Dec. 13, 2023) (Colville, J.), which charged good faith as a complete defense to conspiracy to defraud the United States under 18 U.S.C. § 371, false statements relating to health care matters, falsification of records under 18 U.S.C. § 1519, and health care fraud, because good faith is inconsistent with acting willfully, knowingly, or with the required intent, and which defined good faith as an honestly held belief, opinion, or understanding that one's acts were not unlawful, even though that belief, opinion, or understanding turns out to be inaccurate or incorrect. Also adapted from the good faith instruction proposed in *United States v. Hertel & Brown Physical and Aquatic Therapy*, No. 1:21-cr-39 (W.D. Pa.), ECF No. 1270, and from Sixth Circuit Pattern Criminal Jury Instruction 10.04 (Fraud, Good Faith Defense); Eighth Circuit Model Criminal Jury Instruction 9.08A (Good Faith, Fraud Cases); Eleventh Circuit

Pattern Jury Instruction (Criminal) S17 (Good Faith Defense); 1 Modern Federal Jury Instructions (Criminal) P 8.01. See *Ruan v. United States*, 597 U.S. 450, 466 (2022) (the government must prove the defendant's own culpable mental state, not what a reasonable person would have understood); *Cheek v. United States*, 498 U.S. 192, 203 (1991) (an honestly held belief need not be objectively reasonable). The good faith misunderstanding of law formulation is also endorsed in the comment to Ninth Circuit Model Criminal Jury Instruction 11.2. The Third Circuit has no model good faith instruction; the Chapter 5 and Chapter 6 comments recognize the defense and route it through the intent element. *See United States v. Gross*, 961 F.2d 1097, 1102-03 (3d Cir. 1992); *United States v. Jimenez*, 513 F.3d 62, 75(3d Cir. 2008). Proposed under the theory of the defense standard in *United States v. Hoffecker*, 530 F.3d 137, 176-77 (3d Cir. 2008).

## PROPOSED INSTRUCTION NO. 7

### Good Faith Reliance on the Advice of Professionals and Government Representatives

In deciding whether a defendant acted willfully and with intent to defraud, you may consider evidence that the defendant relied in good faith on the advice of a lawyer, an accountant, or another trusted third party advisor, or on information, guidance, or approvals provided by representatives of a government agency, including the Small Business Administration. [Likewise, evidence that a person in good faith followed the directives of his or her superior may be inconsistent with unlawful intent.] Evidence of good faith reliance is inconsistent with an unlawful intent.

If, before taking action, a defendant honestly and in good faith sought the advice of a professional or of a government representative whom the defendant considered competent to give such advice; made a full and accurate disclosure to that person of all of the material facts of which the defendant had knowledge or the means of knowledge; and then honestly followed and relied upon the advice, guidance, or approval received, then the defendant did not act willfully or with intent to defraud.

The defendants have no burden to prove that they relied in good faith on advice, guidance, or approval. The burden remains on the government at all times to prove willfulness and intent to defraud beyond a reasonable doubt. If the evidence of reliance, considered with all of the other evidence, leaves you with a reasonable doubt as to whether a defendant acted willfully and with intent to defraud, you must find that defendant not guilty.

**Authority:** Adapted from Eleventh Circuit Pattern Jury Instruction (Criminal) S18 (Reliance on Advice of Counsel) and the reliance formulations collected in the Third Circuit Model Criminal Jury Instructions Chapter 5 comments (2024 rev.), which

recognize good faith reliance as bearing on the mental state elements rather than as an independent affirmative defense. To be tailored at the charge conference to the reliance evidence actually admitted, including any evidence of disclosures to and communications with SBA personnel regarding the 8(a) and SDVOSB Programs. See also the good faith instruction proposed in *United States v. Hertel & Brown Physical and Aquatic Therapy*, No. 1:21-cr-39 (W.D. Pa.), ECF No. 1270 (reliance on counsel, trusted third party advisors, and directives of superiors as inconsistent with unlawful intent). Proposed under *United States v. Hoffecker*, 530 F.3d 137, 176-77 (3d Cir. 2008).

## PROPOSED INSTRUCTION NO. 8

### Caution: Civil Rules, Regulations, and Contract Requirements (To Be Given During Trial)

During this trial, you may hear evidence regarding the civil rules and regulations of the Small Business Administration's 8(a) Business Development Program and the Service-Disabled Veteran-Owned Small Business Program, other federal contracting regulations, and the terms and requirements of government contracts. I caution you that a violation of civil statutes, rules, regulations, or contract requirements is not a crime. This is not a civil case, and the defendants are not on trial for a civil violation or for breach of contract. Even if you find that a defendant violated applicable civil statutes, rules, regulations, or contract requirements, a defendant cannot be convicted of a crime merely for breaching civil standards applicable to his conduct. However, those rules, regulations, and contract requirements may be relevant in determining whether a defendant acted with criminal intent, that is, knowingly and willfully with the intent to defraud the United States. That is how you may consider the evidence.

**Authority:** Adapted from the instruction given in the final charge in United States v. Gilbert, No. 21-79 (W.D. Pa.), Final Jury Instructions (Dec. 13, 2023) (Colville, J.), and from the cautionary instruction proposed in *United States v. Hertel & Brown Physical and Aquatic Therapy*, No. 1:21-cr-39 (W.D. Pa.), ECF No. 1270, which trace to the instruction given by agreement in *United States v. Turner*, No. 4:12-cr-244, ECF No. 166 (S.D. Tex. Oct. 3, 2013), and to the limiting instruction discussed with approval in *United States v. Munoz-Franco*, 487 F.3d 25, 65 (1st Cir. 2007). See *United States v. Christo*, 614 F.2d 486, 491 (5th Cir. 1980); *United States v. Steinman*, 172 F. 913 (3d Cir. 1909). Defendants request that this caution be given when evidence of program regulations or contract requirements is first introduced, and repeated in the final charge as Proposed Instruction No. 9.

## PROPOSED INSTRUCTION NO. 9

### Violations of Regulations and Contract Requirements Are Not Crimes (Final Instruction)

You have heard evidence in this trial concerning alleged violations of various civil rules and regulations, including regulations of the Small Business Administration's 8(a) Business Development Program and the Service-Disabled Veteran-Owned Small Business Program, and alleged breaches of representations and requirements in government contracts. I instruct you that evidence of those violations does not necessarily mean that a crime has been committed, but that same evidence may or may not be relevant in determining a defendant's state of mind, and whether that defendant acted with criminal intent.

The defendants are not on trial for violating regulations, for failing to comply with the terms of a contract, or for performing a contract poorly or incompletely. Even if you find that a certification or representation was not accurate, or that a contract was obtained or performed in a manner not allowable under the applicable statutes, rules, and regulations, a defendant cannot be convicted of a crime merely for breaching civil statutes, rules, regulations, ethical standards, or standards of conduct applicable to his conduct. The government may not rely upon civil regulatory violations of the federal procurement and small business contracting laws as evidence of a defendant's guilt of the charged offenses.

You may use evidence that civil rules, regulations, or contract requirements may have been violated only to assist you, as you may find useful, in determining a particular defendant's motive, intent, or state of mind as to the crimes charged in the Superseding Indictment. The government must prove, beyond a reasonable doubt, each element of each charged offense, including that the defendant you are considering knowingly devised or participated in a scheme to defraud and acted

willfully and with the specific intent to defraud the United States. Intent to defraud means intent to deceive or cheat; it does not mean intent to violate a regulation, and it is not established merely by proof that a regulation was violated or a contract was breached. If you find that the government has proved no more than a regulatory violation, a breach of contract, or deficient contract performance, without proof beyond a reasonable doubt of a scheme to defraud and a specific intent to defraud, then you must find the defendant you are considering not guilty.

**Authority:** Given in substantially this form in the final jury instructions in *United States v. Gilbert*, No. 21-79 (W.D. Pa.), Final Jury Instructions, ECF No. 406(Dec. 13, 2023) (Colville, J.) (charging that evidence of violations of civil rules and regulations does not necessarily mean that a crime has been committed; that even if the jury found the claims were not allowable under the applicable statute, rules, and regulations, a defendant cannot be convicted of a crime merely for breaching civil statutes, rules, regulations, ethical standards, and standards of care applicable to her conduct; and that the prosecution may not rely upon civil regulatory violations as evidence of a defendant's guilt of the charged offenses); also proposed in U*nited States v. Hertel & Brown Physical and Aquatic Therapy*, No. 1:21-cr-39 (W.D. Pa.), ECF No. 1270. See *United States v. Munoz-Franco*, 487 F.3d 25, 65 (1st Cir. 2007) (approving a limiting instruction that a violation of civil rules and regulations is not a crime in and of itself and is not determinative of guilt or innocence, and may be used only on motive or intent); *United States v. Christo*, 614 F.2d 486, 491 (5th Cir. 1980); United States v. Steinman, 172 F. 913 (3d Cir. 1909) (reversible error to instruct that violations of civil lending limitations evidenced criminal intent); *United States v. Mahmud*, 541 F. App'x 630, 634 (6th Cir. 2013); *United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) (specific intent requires intent to defraud, not intent to violate the statute); *U.S. ex rel. Wilkins v. United Health Group, Inc.*, 659 F.3d 295, 305-07 (3d Cir. 2011) (mere regulatory noncompliance, without more, does not establish fraud); *United States v. Shulick*, 994 F.3d 123 (3d Cir. 2021); *United States v. Fallon*, 61 F.4th 95 (3d Cir. 2023). Proposed under the four-part theory of defense standard of *United States v. Hoffecker*, 530 F.3d 137, 176-77 (3d Cir. 2008).

## PROPOSED INSTRUCTION NO. 10

### Mistake of Fact and Law (Theory of Defense)

The defendants have raised as a defense that their mistake about legal, regulatory, contractual, and program rules, including the requirements of the Small Business Administration's 8(a) Business Development Program, the Service-Disabled Veteran-Owned Small Business Program, and the terms of the contracts at issue, shows that they did not have the knowledge, intent, and willfulness required to be guilty of the offenses charged. It is the government's burden to prove beyond a reasonable doubt that each defendant had the knowledge, intent, and willfulness required for each offense. If, after considering all the evidence in this case, you have a reasonable doubt about whether a defendant had the knowledge, intent, or willfulness required for an offense, because of a mistake or for any other reason, you must find that defendant not guilty of that offense.

**Authority:** Third Circuit Model Criminal Jury Instructions, Comment to Instruction 8.01 (Theory of Defense) (mistake of fact); adapted from the mistake of fact instruction proposed in *United States v. Hertel & Brown Physical and Aquatic Therapy*, No. 1:21-cr-39 (W.D. Pa.), ECF No. 1270. *See United States v. Hoffecker*, 530 F.3d 137, 176-77 (3d Cir. 2008).

Respectfully submitted,

/s/ Efrem M. Grail
Efrem M. Grail, Esq.
PA ID No. 81570
/s/ Julia M. Gitelman
Julia M. Gitelman, Esq.
PA ID No. 327449
The Grail Law Firm
428 Boulevard of the Allies, Suite 500
Pittsburgh, PA 15219
Office: (412) 332-9101
Fax: (856) 210-7354
egrail@graillaw.com
jgitelman@graillaw.com
Counsel for Defendant Daniel E. McGuire

/s/ Mark E. Cedrone
Mark E. Cedrone, Esq.
PA ID No. 45549
Saxton and Stump
23 S. Broad Street, Suite 2800
Philadelphia, PA 19109
Phone: 267-665-2080
Fax: 215-925-6471
MEC@saxtonstump.com

/s/ Lisa A. Mathewson
Lisa A. Mathewson, Esq.
PA ID No. 77137
Mathewson Law LLC
1617 John F. Kennedy Blvd., Suite 2027
Philadelphia, PA 19103
Office: (215) 399-9592
lam@mathewsonlaw.com
Counsel for Defendant Scott E. Boone

Dated: September 14, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of September, 2026, I caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including counsel for the United States.

/s/ Julia M. Gitelman
Julia M. Gitelman, Esq.
PA ID No. 327449
The Grail Law Firm
428 Boulevard of the Allies, Suite 500
Pittsburgh, PA 15219
Office: (412) 332-9101
jgitelman@graillaw.com
Counsel for Defendant Daniel E. McGuire