**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:22-CR-426** |
| | : | |
| **v.** | : | **(Judge Wilson)** |
| | : | |
| **SCOTT BOONE and** | : | |
| **DANIEL McGUIRE,** | : | |
| **Defendants.** | : | **Electronically filed** |

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS**

The United States respectfully requests that the following instructions be included by the Court in its charge to the jury, in addition to the Court's standard instructions, and requests leave to offer additional or modified instructions as may become appropriate in preparation for and during the course of the trial.

Depending on the Court's ruling on any pending or forthcoming motions in limine and the witnesses and evidence presented at trial, the following instructions, among others, may also be appropriate for inclusion at a later date:

- Limited Admissibility: Evidence Admitted for a Limited Purpose (Third Circuit Model Jury Instruction § 2.11)
- Prior Consistent Statements (F.R.E. 801(d)(1)(B)); (Third Circuit Model Jury Instruction 2.15)

- Impeachment of Witness - Prior Inconsistent Statement for Credibility Only (Third Circuit Model Jury Instruction 2.16)
- Impeachment of Defendant's Character Witness (F.R.E. 404, 405) (Third Circuit Model Jury Instruction 2.17)
- Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b)) (Third Circuit Model Jury Instruction § 2.18)
- Defendant's Prior Bad Acts (F.R.E. 404(b)) (Third Circuit Model Jury Instruction 2.23)
- Stipulated Testimony (Third Circuit Model Jury Instruction 4.01)
- Stipulation of Fact (Third Circuit Model Jury Instruction 4.02)
- Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b)) (Third Circuit Model Jury Instruction 2.24)
- Opinion Evidence (Lay Witnesses) (F.R.E. 701) (Third Circuit Model Jury Instruction 4.09)
- Specific Investigation Techniques Not Required (Third Circuit Model Jury Instruction 4.14)
- False in One, False in All (Falsus in Uno, Falsus in Omnibus)

(Third Circuit Model Jury Instruction 4.26)

- Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)) (Third Circuit Model Jury Instruction 4.29)
- Consciousness of Guilt (False Exculpatory Statements) (Third Circuit Model Jury Instruction 4.31)
- Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b)) (Third Circuit Model Jury Instruction 4.35).
- Defendant's Character Evidence (Third Circuit Model Jury Instruction 4.39).

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

Date: September 14, 2026 By: /s/ Ravi R. Sharma

RAVI ROMEL SHARMA
Assistant U.S. Attorney
PA - 331135
Sylvia Rambo US Courthouse
1501 North 6th Street
Harrisburg, PA 17102
Ravi.sharm@usdoj.gov
717-221-4482

## Government Proposed Instruction 1

## Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

You will hear testimony from John Klein. Because of his knowledge, skill, experience, training, or education in the field of U.S. Small Business Administration contracting assistance programs, Mr. Klein will be permitted to offer opinion in that field and the reasons for those opinions.

The opinions this witness states should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony, you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that Mr. Klein's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not

sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Third Circuit Model Jury Instruction 2.09

## Government Proposed Instruction 2

### Not All Evidence, Not All Witnesses Needed

Although the government is required to prove a defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendants are not required to present any evidence or produce any witnesses.

[In this case, Scott Boone [presented evidence] [produced witnesses]. Scott Boone is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]

[In this case, Daniel McGuire [presented evidence] [produced witnesses]. Daniel McGuire is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]

Third Circuit Model Jury Instruction 3.05

## Government Proposed Instruction 3

### On or About

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

Third Circuit Model Jury Instruction 3.08

## Government Proposed Instruction 4

### Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

You heard testimony from Mr. John Klein. Because of his knowledge, skill, experience, training, or education in the field of SBA contracting assistance programs, Mr. Klein was permitted to offer opinion in that field and the reasons for those opinions.

The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony, you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that Mr. Klein's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not

sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Third Circuit Model Jury Instruction 4.08

## Government Proposed Instruction 5

### Summaries

The government presented certain charts, graphs, and summaries in order to help explain the facts disclosed by certain bank records and emails, some of which were also admitted as evidence in the case. If those charts, graphs, and summaries were admitted as evidence, then you may use those charts, graphs, and summaries as evidence, regardless of whether the underlying documents and records were admitted into evidence.

[If, however, the (accuracy)(authenticity) of those charts, graphs, and summaries has been challenged, you must decide how much weight, if any, you will give to them. In making that decision, you should consider the testimony you heard about the way in which the charts, graphs, and summaries were prepared. If the charts, graphs, and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.]

Third Circuit Model Jury Instructions 4.10, 4.11

## Government Proposed Instruction 6

### Credibility of Witnesses - Law Enforcement Officer

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. [At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.] You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Third Circuit Model Jury Instruction 4.18

## Government Proposed Instruction 7

### Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses

You have heard evidence that James Coccagna (who is identified in the indictment as "GOVERNMENT OFFICIAL 1") and Rebecca Davis (who is identified in the indictment as "8(A) PROGRAM PARTICIPANT 1") are alleged coconspirators with the defendants, and both said they participated in the crimes charged in the indictment. You heard that Mr. Coccagna and Ms. Davis entered into plea agreements with the government and pleaded guilty to the offense of conspiracy to commit major fraud against the United States. With respect to Mr. Coccagna, you heard that as part of his plea agreement, he agreed to cooperate with the government and hopes that his cooperation may benefit him when he is sentenced. [*Additional language regarding Ms. Davis to be added at a later time*.]

Mr. Coccagna's and Ms. Davis's testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has entered into a plea agreement with the government (or pleaded guilty), or who has agreed to cooperate with

the government as part of a plea agreement, but you should consider the testimony of James Coccagna and Rebecca Davis with great care and caution. In evaluating James Coccagna's or Rebecca Davis's testimony, you should consider this factor along with the others I have called to your attention. Whether or not James Coccagna's or Rebecca Davis's testimony may have been influenced by their plea agreements or agreements with the government is for you to determine. You may give their testimony such weight as you think it deserves.

You must not consider James Coccagna's or Rebecca Davis's guilty pleas as any evidence of Scott Boone's, Daniel McGuire's, or Thomas Lauer's guilt. The decisions of James Coccagna and Rebecca Davis to plead guilty were personal decisions about their own guilt. Such evidence is offered only to allow you to assess the credibility of these witnesses; to eliminate any concern that any of the defendants has been singled out for prosecution; and to explain how the witnesses came to possess detailed first-hand knowledge of the events about which he or she testified. You may consider James Coccagna's and Rebecca Davis's guilty pleas only for these purposes. [*Subject to further revision / supplementation.*]

Third Circuit Model Jury Instruction 4.19

## Government Proposed Instruction 8

### Defendant's Choice not to Testify or Present Evidence

[Scott Boone and/or Daniel McGuire] did not testify/present evidence this case. A defendant has an absolute constitutional right not to testify (or to present any evidence). The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent. You must not attach any significance to the fact that [Scott Boone and/or Daniel McGuire] did not testify. You must not draw any adverse inference against [him/them] because he/they did not take the witness stand. Do not consider, for any reason at all, the fact that [Scott Boone and/or Daniel McGuire] did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Third Circuit Model Jury Instruction 4.27

## Government Proposed Instruction 9

### Defendant's Testimony

In a criminal case, a defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. [In this case, [Scott Boone, and/or Daniel McGuire] testified. You should examine and evaluate a defendant's testimony just as you would the testimony of any witness.]

Third Circuit Model Jury Instruction 4.28

## Government Proposed Instruction 10

### Proof of Required State of Mind

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he is thinking. However, a defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine a defendant's state of mind (what a defendant intended or knew) at a particular time, you may consider evidence about that defendant said, what that defendant did and failed to do, how that defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in that defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about a defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts a defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences. You may find, but you are not required to find, that a defendant knew and intended the natural and probable consequences or results of acts the defendant knowingly did. This means that if you find

that an ordinary person in a defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

Third Circuit Model Jury Instruction 5.01

## Government Proposed Instruction 11

## Knowingly

The offenses charged in the indictment require that the government prove that Scott Boone and Daniel McGuire acted "knowingly" with respect to certain elements of the offenses.

A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that a defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether a defendant acted "knowingly," you may consider evidence about what that defendant said, what that defendant did and failed to do, how that defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in that defendant's mind at that time.

Third Circuit Model Jury Instruction 5.02

## Government Proposed Instruction 12

## Intentionally

The offenses charged in the indictment require that the government prove that Scott Boone and Daniel McGuire acted either "intentionally" or "with intent" with respect to certain elements of the offenses.

This means that the government must prove beyond a reasonable doubt either that (1) it was a defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether a defendant acted either "intentionally" or "with intent," you may consider evidence about what that defendant said, what that defendant did and failed to do, how that defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in that defendant's mind at that time.

Third Circuit Model Jury Instruction 5.03

## Government Proposed Instruction 13

### Motive Explained

Motive is not an element of the offenses with which Scott Boone and Daniel McGuire are charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that a defendant is guilty, and proof of good motive alone does not establish that a defendant is not guilty. Evidence of a defendant's motive may, however, help you find that defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

Third Circuit Model Jury Instruction 5.04

## Govt Proposed Instruction 14

## Conspiracy to Commit Major Fraud Against the United States
## Basic Elements

Count 1 of the Indictment charges that Scott Boone and Daniel McGuire agreed or conspired with one or more other persons to commit the offense of major fraud against United States with respect to contracts at Letterkenny Army Depot. Count 7 of the indictment charges that Scott Boone and Daniel McGuire agreed or conspired with one or more other persons to commit the offense of major fraud against the United States with respect to a contract at Salem Veterans Affairs Medical Center.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find a defendant guilty of conspiracy to commit an offense against the United States, you must find that the government proved beyond a reasonable doubt each of the following four elements:

**First**: That two or more persons agreed to commit an offense against the United States, namely, to violate the Major Fraud Act, as charged in the indictment. (I will explain the elements of a Major Fraud Act violation shortly.);

**Second**: That Scott Boone and Daniel McGuire were parties to or members of that agreement;

**Third**: That Scott Boone and Daniel McGuire joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that a defendant and at least one other alleged conspirator, which could include one of the other defendants, shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

**Fourth:** That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.

Third Circuit Model Jury Instruction 6.18.371B

## Government Proposed Instruction 15

### Conspiracy – Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit offenses under the Major Fraud Act.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way

or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

Third Circuit Model Jury Instruction 6.18.371C

## Government Proposed Instruction 16

### Conspiracy – Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then in order to find a defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that the defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The government does not need to prove that a defendant knew everything about the conspiracy or that he knew everyone involved in it, or that each was a member from the beginning. The government also does not have to prove that a defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether a defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives. Evidence

which shows that a defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that a defendant may have done something that happened to help a conspiracy does not necessarily prove that the defendant joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that a defendant joined the conspiracy.

Third Circuit Model Jury Instruction 6.18.371D

## Government Proposed Instruction 17

### Conspiracy – Mental States

In order to find a defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives. That is, the government must prove: (1) that the defendant knew of the objectives or goals of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that those goals or objectives, and (3) that the defendant and at least one other alleged conspirator, which could include one of the other defendants, shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that a defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objectives might tend to show that the defendant had the required intent or purpose that the conspiracy's objectives be achieved.

Third Circuit Model Jury Instruction 6.18.371E

## Government Proposed Instruction 18

### Conspiracy – Overt Acts

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objectives of the conspiracy.

The indictment alleges certain overt acts. The government does not have to prove that all of these overt acts were committed or that any of these acts were themselves illegal. Also, the government does not have to prove that a defendant personally committed any of the overt acts. The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objectives of the conspiracy. You must unanimously agree on the overt act that was committed.

Third Circuit Model Jury Instruction 6.18.371F

## Government Proposed Instruction 19

### Conspiracy – Success Immaterial

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find a defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained with respect to that defendant, even if you find that the government did not prove that any of the conspirators actually defrauded the United States. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

Third Circuit Model Jury Instruction 6.18.371G

## Government Proposed Instruction 20

### Conspiracy – Duration

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

Third Circuit Model Jury Instruction 6.18.371I

## Government Proposed Instruction 21

### Conspiracy – Acts and Statements of Coconspirators

Evidence has been admitted in this case that certain persons, including James Coccagna, Rebecca Davis, and Thomas Lauer who are alleged to be coconspirators of the defendants, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against both defendants any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the absence of the defendants and without their knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before a defendant joined the alleged conspiracy may also be considered by you as evidence against that defendant. However, acts done or statements made

before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.

Third Circuit Model Jury Instruction 6.18.371K

## Government Proposed Instruction 22

**Major Fraud Against the United States - Elements of the Offense**

Counts 2 through 6 of the indictment charge Scott Boone and Daniel McGuire with major fraud against the United States relating to 8(a) Program contracts at Letterkenny Army Depot. Count 8 of the indictment charges each of the defendants with major fraud against the United States relating to an SDVOSB Program contract at the Salem Veterans Affairs Medical Center.

In order to find a defendant guilty of any of the fraud offenses charged in Counts 2 through 6 or Count 8 of the indictment, you must find that the government proved each of the following elements beyond a reasonable doubt with respect to that defendant:

**First**: That the defendant either (a) knowingly executed a scheme to defraud the United States or to obtain money or property by means of materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature; or (b) knowingly attempted to execute a scheme to defraud the United States or to obtain money or property by means of materially false or fraudulent pretenses, representations or promises, or knowingly

attempted to participate in such a scheme with knowledge of its fraudulent nature;

**Second**: That the scheme occurred in any contract or subcontract provided by the Government or in any procurement of property or services as a prime contractor with the United States or as a subcontractor or supplier on a contract in which there was a prime contract with the United States;

**Third:** That the defendant acted with the intent to defraud; and

**Fourth**: That the value of the contract was $1,000,000 or more.

Third Circuit Model Jury Instruction 6.18.1341; 18 U.S.C. § 1031.

*United States v. Lanier*, No. 23-5217, 2024 WL 915158, at *6 (6th Cir. Mar. 4, 2024) ("To convict a defendant of major fraud against the United States under 18 U.S.C. § 1031, the defendant must "knowingly execute[ ], or attempt[ ] to execute, any scheme or artifice with the intent[ ] (1) to defraud the United States; or (2) to obtain money or property by means of false or fraudulent pretenses, representations, or promises, in any ... [government] contract" with a value of $1 million or more. 18 U.S.C. § 1031(a).")

*United States v. Whyte*, 918 F.3d 339, 351 n.13 (4th Cir. 2019) ("To prove major fraud under 18 U.S.C. § 1031, the Government must show: (1) the defendant knowingly and with the intent to defraud the Government or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises; (2) executed or attempted to execute a scheme with the intent to defraud the Government; (3) the scheme took place as a part of acquiring services as a contractor with the Government on a prime contract with the Government; and (4) the value of the contract was $1,000,000 or more.")

## Government Proposed Instruction 23

### Major Fraud Against the United States – "Scheme to Defraud or to Obtain Money or Property" Defined

I will explain the first element of major fraud against the United States: what it means to knowingly execute or participate in or to knowingly attempt to execute or participate in a scheme to defraud the United States of money or property by materially false or fraudulent pretenses, representations or promises. This instruction applies to the major fraud charges against each of the defendants charged in Counts 2 through 6 and Count 8 of the indictment.

The first element that the government must prove beyond a reasonable doubt is that a defendant knowingly executed or attempted to execute a scheme to defraud the United States of money or property by materially false or fraudulent pretenses, representations or promises. In a later instruction, I will explain the meaning of "attempt."

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a “scheme to defraud” the United States is any plan, device, or course of action to deprive the United States of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

It is immaterial that representatives of the government may have acted gullibly, carelessly, naively, or negligently in the course of being defrauded. The negligence, gullibility, carelessness, or naivete of the victim is not a defense to fraud.

In this case, the indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements, representations, claims, documents, and promises, and by concealing material facts. The representations and concealment which the government charges were made as part of the scheme to defraud are set forth in the indictment. The government is not required to prove every misrepresentation or instance of concealment charged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations or instances of concealment were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of

the material misrepresentations or instances of concealment of material facts.

A statement, representation, claim, document, or promise is false if it is untrue when made and if the person making the statement, representation, claim, document, or promise, or causing it to be made, knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the

representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that one of the defendants charged with major fraud against the United States, or any other specific person, originated the scheme to defraud. Furthermore, it is not necessary that the government prove that one of the defendants charged with major fraud against the United States, or any other specific person, actually realized any gain from the scheme or that any intended victim actually suffered any loss. In this case, it so happens that the government does contend that the proof establishes that the United States was defrauded and that members of the conspiracy profited. Although whether or not the scheme actually succeeded is really not the

question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that a defendant knowingly executed or participated in the scheme charged in the indictment or knowingly attempted to execute or participate in the scheme charged in the indictment, you should then consider the next element in the offense of major fraud against the United States, as applicable to that defendant.

Third Circuit Model Jury Instruction 6.18.1341-1

## Government Proposed Instruction 24

### Major Fraud Against the United States – "Intent to Defraud" Defined

For major fraud against the United States, the next element that the government must prove beyond a reasonable doubt is a defendant acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether an individual acted with an intent to defraud, you may consider, among other things, whether the individual acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

Third Circuit Model Jury Instruction 6.18.1341-4

## Government Proposed Instruction 25

### Attempt

With respect to the fraud offenses charged against Scott Boone and Daniel McGuire in Counts 2 through 6 and Count 8, each defendant is charged with executing a scheme to defraud *and* attempting to execute a scheme to defraud. In other words, each defendant is charged with attempting to commit the crime of major fraud against the United States. An attempt to commit major fraud against the United States is a federal crime even though a defendant did not actually complete the crime.

In order to find Scott Boone or Daniel McGuire guilty of attempt to commit major fraud against the United States, you must find that the government proved beyond a reasonable doubt each of the following two elements:

**First:** That Scott Boone or Daniel McGuire intended to commit the crime of major fraud against the United States, as I have defined that offense; and

**Second:** That Scott Boone or Daniel McGuire performed an act constituting a substantial step toward the commission of major fraud against the United States which strongly corroborates or confirms that

Scott Boone or Daniel McGuire intended to commit that crime.

With respect to the first element of attempt, you may not find a defendant guilty of attempt to commit major fraud against the United States merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find a defendant guilty of attempt to commit major fraud against the United States because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit major fraud against the United States. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

Third Circuit Model Jury Instruction 7.01

## Government Proposed Instruction 26

### Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Scott Boone and Daniel McGuire aided and abetted one another and others in committing major fraud against the United States. The government may contend that each of these offenses had either the same principal or a different principal, or the same group of principals or different group of principals.

In order to find a defendant guilty of any of these offenses because the defendant aided and abetted a principal in committing that offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements with respect to that defendant:

**First**: That an alleged principal committed one of those charged offenses by committing each of the elements of a charged offense, as I

have explained those elements to you in these instructions. The alleged principal need not have been charged with or found guilty of the offense, however, as long as you find that the government proved beyond a reasonable doubt that he committed the offense.

**Second**: That the defendant knew that the offense charged was going to be committed or was being committed by the alleged principal, and

**Third**: That the defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging the alleged principal in committing the specific offense charged and with the intent that the alleged principal commit that specific offense, and

**Fourth**: That the defendant performed an act or acts in furtherance of the offense charged.

In deciding whether Scott Boone or Daniel McGuire had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including that defendant’s words and actions and the other facts and circumstances. However, evidence that a defendant merely associated with persons involved in a criminal venture or was merely present or was

merely a knowing spectator during the commission of an offense is not enough for you to find that defendant guilty as an aider and abettor. If the evidence shows that a defendant knew that an offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that it was that defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself or herself with the offense, you may not find that defendant guilty of an offense as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by an alleged principal as something he or she wished to bring about and to make succeed.

To show that a defendant performed an act or acts in furtherance of an offense charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the defendant which at least encouraged an alleged principal to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage an alleged principal to commit an offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of a charged offense; it is enough if the

defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of an offense. Also, the defendant's acts need not themselves be against the law.

Third Circuit Model Jury Instruction 7.02