**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:22-cr-00426 |
| | : | |
| v. | : | |
| | : | |
| THOMAS E. LAUER | : | Judge Jennifer P. Wilson |

**PRESENTENCE ORDER**

**AND NOW**, on this 24th day of September 2026, the court schedules a presentence conference for **January 22, 2027, at 9:00 a.m.**[1], via telephone. The parties shall call-in to the conference calling number 570-218-8447, using the phone conference ID 660 227 256#.

**IT IS FURTHER ORDERED THAT:**

1. **Interview of Defendant.** In conformity with Local Rule 32.1(b), the probation officer shall provide defense counsel with notice and a reasonable opportunity to attend any interview of the defendant by a probation officer in the course of a presentence investigation. Unless an interview is declined on advice of counsel, the probation officer shall interview the defendant immediately after the verdict of guilty or the entry of a plea of guilty or nolo contendere. Upon request

[1] Counsel should be aware that this is a conference calling number that is utilized for multiple calls scheduled in ten- or fifteen-minute intervals. If you dial in and another call is in progress, please wait until the courtroom deputy announces your case. The courtroom deputy is aware when a new caller joins the conference. You should follow the same etiquette expected when you enter a courtroom and a proceeding is in progress. When your case is called, state your name and client. Be advised that court staff are monitoring the conference at all times.

by defense counsel, or if the probation officer's schedule so requires, the probation officer shall postpone the interview. However, any postponement greater than seven days shall require the approval of the court.

2. **Statement of Offense Conduct.** In conformity with Local Rule 23.1(c), within seven days after a verdict of guilty or the entry of a plea of guilty or nolo contendere, counsel for the Government shall provide to the probation officer and to defense counsel a comprehensive statement of offense conduct and supporting documentation. If a defendant is responsible for restitution, the Government must within twenty-eight days submit sufficient information to enable the court to determine entitlement, the name of each victim, the amount of loss for each victim, and documentary support for each amount. If liability for restitution is joint and several, the Government shall itemize the restitution amount for which each defendant is responsible. The statement of offense conduct shall address all factual matters which are necessary to calculate the sentencing guidelines pursuant to the United States Sentencing Commission Guidelines Manual.

3. **Exchange of Documentary Information.** In conformity with Local Rule 23.1(d), the Government shall provide to defense counsel a copy of any documentary information provided to the probation officer to be considered in the preparation of the presentence report at the same time as it is provided to the probation officer. The defendant or defense counsel may submit documentary

information to the probation officer and shall provide a copy to Government counsel at the same time as it is provided to the probation officer.

**4. Disclosure of Presentence Report.** In conformity with Local Rule 32.1(a), the probation officer shall disclose the presentence report to Government and defense counsel no later than **November 19, 2026**. This order does not require the disclosure of any portions of the presentence report that are not disclosable under Rule 32(d)(3) of the Federal Rules of Criminal Procedure.

**5. Objections to Presentence Report.** In conformity with Local Rule 32.1(f), within fourteen days after receiving the presentence report, the parties shall communicate in writing to the probation officer, and to each other, any objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report. The written communication shall contain detailed information regarding any disputed issues. After receiving any objections, the probation officer may require counsel for both parties and/or the case agent to meet with the probation officer to discuss unresolved factual and legal issues. The probation officer may also undertake further investigation and revise the presentence report as necessary.

**6. Disclosure of Final Report.** At least ten days before the presentence conference, the probation officer shall submit the final presentence report to the court, together with an addendum setting forth any unresolved objections, the

grounds for those objections, and the probation officer's comments on those objections. At the same time, the probation officer shall transmit the final presentence report and the addendum to Government and defense counsel. The probation officer shall not disclose any sentencing recommendation unless so ordered by the court. In the event that there are no objections to the presentence report, the court may, at its discretion, cancel the presentence conference and set a sentencing date.

**7. Presentence Conference.** The defendant shall not attend the presentence conference. At the presentence conference, counsel shall be prepared to discuss whether there are any disputed facts or conclusions of law which may form any part of the basis for the sentence and which will require a hearing prior to the sentencing hearing. Counsel are not required to brief objections to the presentence report prior to the presentence conference, but they must be prepared to discuss all potential sentencing issues in this case. A sentencing date shall be scheduled following the presentence conference.

**8. Sentencing Scheduling Order.** Following the presentence conference, the court shall enter an order scheduling the sentencing hearing and associated deadlines.

**9. Recommendation Letters.** All letters of recommendation on behalf of the defendant shall be sent at least one week prior to sentencing to the probation officer for submission to the court. Letters are not to be sent directly to the court.

**10. Modification of Time Periods.** The time periods set forth in this order may be modified by the court sua sponte or for good cause shown.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania