**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:22-CR-00426 |
| v. | : | |
| | : | (Judge Jennifer P. Wilson) |
| SCOTT E. BOONE and | : | |
| DANIEL E. McGUIRE, | : | (Electronically Filed) |
| | : | |
| | : | |
| Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE LAY OPINION TESTIMONY THAT THE DEFENDANTS AND THEIR CONTRACTING VIOLATED REGULATIONS OR THE LAW**

The government's response (Doc. 408) argues against evidentiary rulings that Daniel McGuire and Scott Boone did not seek, and mischaracterizes the motion they did file.[1] Despite the government's misstatements, Mr. McGuire and Mr. Boone do not seek to keep contracting personnel off the stand, or to stop them from testifying to facts they perceived, documents they received, their firsthand observations, relevant industry practices, or properly founded opinions based on their own particularized knowledge. (Doc. 370 at 31.) Rather, the motion properly targets narrower testimony: witnesses telling the jury what the SBA regulations require, announcing that the protocols in place violated them, and attaching conclusory labels that rest on rumor, hindsight, or speculation. (*Id.*) The government agrees that some

[1]Page citations to the record are to the CM/ECF header pagination. See Doc. 265 at 2 n.3.

lay opinion on these subjects is off limits. (Doc. 408 at 21 n.3.) The dispute is only where the line falls, and the Third Circuit has drawn it for every witness, expert or lay: "[I]t is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury." *United States v. Leo*, 941 F.2d 181, 196–97 (3d Cir. 1991). In *Leo*, a government contracting prosecution, the court allowed a qualified expert to describe "how firms such as [the defendant's] operated when performing contracts governed by the Act" only because he "did not give his opinion as to what was required under the law, or whether the defendant complied." *Id.* at 197. If a qualified expert must stay on that side of the line, a lay witness must as well. The relief requested here enforces that line and goes no further.

## I. Lay witnesses may not tell the jury what the regulations require or that they were violated.

The threshold problem is Rule 701 itself. A lay opinion must be "rationally based on the witness's perception" and may not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c). An opinion that conduct violated the SBA's control, eligibility, or self-performance rules is not based on anything the witness perceived. It rests on the witness's understanding of a complex regulatory scheme, one that took a court order and an amended bill of particulars to identify. (Docs. 274, 297.) The government all but concedes the point: it argues that the testimony is admissible because it rests on

the witnesses' "personal and specialized knowledge." (Doc. 408 at 9.) Specialized knowledge is exactly what Rule 701(c) excludes. That limit was adopted to prevent parties from evading Rule 702, under which only a witness "qualified as an expert" may offer such opinions, "through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

The government's bank fraud cases do not hold otherwise. The government concedes that the "only distinction" between those cases and this one is that this case concerns "rules and regulations pertaining to contractor eligibility." (Doc. 408 at 17.) That distinction controls this motion. The bank employees in *Hill* and *Kerley* were involved in the loan processes they described and testified about their own institutions' underwriting policies, which are facts they knew firsthand. Here, the government proposes to have lay witnesses interpret federal regulations. Those cases therefore support only half of what the government requests. A contracting official who was involved in administering the JOCs at issue may say that she did not see the 2007 letters and that she may have acted differently had she seen them. That is the testimony admitted in *Hill* and *Kerley*, and Mr. McGuire and Mr. Boone do not ask the Court to exclude it. What the official may not add is that she would have acted differently because the arrangement "went against the rules or spirit of the 8(a) Business Development Program." (Doc. 408 at 20.) The first statement reports a fact

about the witness. The second has a lay witness state the law and give her own opinion on how it applies.

That second kind of testimony would be inadmissible even from a qualified expert. The Third Circuit has held that a former agency lawyer testifying as an expert could describe industry custom but could not testify that a transaction complied with the securities laws, because that testimony "concerns [the party's] legal duties" and would "usurp the District Court's pivotal role in explaining the law to the jury." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217–18 (3d Cir. 2006); *see also Taylor v. Se. Pa. Transp. Auth.*, No. 23-2140-KSM, 2024 WL 3205209, at *5–7 (E.D. Pa. June 27, 2024) (excluding opinions "about what was permitted under the regulations and whether SEPTA's conduct in [the] case complied with them"). If *Leo* and *Berckeley* forbid even technically proficient experts from giving such opinions, they cannot come in through lay witnesses. The government itself recognizes that this subject calls for expertise: to present it, the government served a thirty-page Rule 16 disclosure for John Klein, an SBA lawyer with forty years of experience (Doc. 366-1), and has filed a brief arguing that Mr. Klein should be permitted to explain these same rules (Doc. 409). It cannot also claim that a contract specialist's understanding of them is ordinary lay knowledge. Whatever testimony about the regulatory scheme the Court permits must satisfy Rule 702 and Rule 16,

and even then the witness may not state what the law requires or whether it was violated. *Berckeley*, 455 F.3d at 217.

## II. The government does not defend the testimony that prompted the motion.

The government ignores the gravamen of the motion, which identifies with specificity the kind of testimony the Rules do not permit, through the government witnesses' own statements as recorded in their memoranda of interview: a bonding broker who did not recall a 2007 letter nevertheless opining fifteen years later that it "would go against the rules of the 8A program"; a contracting official's "now looking back" view, formed more than a decade after the events once agents showed her documents, that the arrangement was "problematic"; a witness who never dealt with anyone from Rebecca Davis's company, Elstner Construction, labeling it a "front company"; secondhand rumor that a Letterkenny official was "bending the rules" and doing "shady stuff"; and several witnesses' rank speculation about other people's states of mind ("uncomfortable and uneasy," "probably an olive branch"). (Doc. 370 at 7–12.) The government's opposition does not contest that any of these statements is barred by the Rules of Evidence, and it does not even respond to Parts IV.D (rumor) or IV.E (another person's mental state).

The government bears the burden of establishing a Rule 701 foundation for the lay opinion testimony it offers. *United States v. Fulton*, 837 F.3d 281, 291 (3d

Cir. 2016). And the authorities the government itself cites show why these statements lack that foundation. A lay witness must "have firsthand knowledge of the predicates that form the basis for the opinion." *United States v. Evans*, 175 F.4th 443, 451 (3d Cir. 2026) (quoting *Gov't of V.I. v. Knight*, 989 F.2d 619, 629 (3d Cir. 1993)). A witness who formed a view only after agents handed her documents years later, or who repeats what she heard from others, has no such knowledge. And a lay opinion must "offer[] insight [which] the jury could not itself have gleaned from the evidence" rather than "provide the conclusion the government wanted the jury to reach." *United States v. Diaz*, 951 F.3d 148, 156 (3d Cir. 2020). A label like "front company" or "pass through" does exactly the latter. Because the government has not disputed the inadmissibility of these categories of evidence, the Court should grant the motion and preclude their introduction before the jury.

## III. The jury instruction argument does not help the government.

The government argues that the Court "need not and should not" instruct on the regulatory framework, and faults Mr. McGuire and Mr. Boone for not proposing such instructions. (Doc. 408 at 22–23.) That argument shows why the Court should grant the motion. The government's own bill of particulars lists the regulations "that the defendants allegedly violated." (Doc. 297 at 9.) If the content of those regulations matters to the verdict, as the government must believe or it would not have listed them, *Leo* requires that it come from the Court and not from witnesses. If, as the

government contends, the jury does not need instruction on the regulations, then no witness needs to explain them either. What the government cannot do is tell the Court that the regulations are too peripheral for an instruction, and then have its witnesses tell the jury what those regulations require and that the way Mr. McGuire and Mr. Boone bid, won, and performed the contracts at issue violated them. The government's own footnote concedes the principle: a lay witness "could not opine that a defendant had the intent to commit fraud because the witness perceived the defendant's conduct to be violative of a rule, regulation, or contract provision," and "could not attempt to explain to the jury the legal meaning of a 'scheme to defraud' or 'materiality.'" (Doc. 408 at 21 n.3.) The same principle bars a witness from explaining the regulations that, on the government's theory, give those elements their content.

The government also objects here to the defense's proposed cautionary instructions. (Doc. 408 at 23–24.) That objection belongs at the charge conference. When it is heard, Mr. McGuire and Mr. Boone will ask the Court to consider that the authority on which the government relies in fact *approved* a comparable instruction that regulatory violations are not crimes in themselves. *See United States v. Munoz-Franco*, 487 F.3d 25, 65 (1st Cir. 2007).

## IV. A pretrial ruling is appropriate.

The government does not yet know who its witnesses will be (Doc. 408 at 18), and asks the Court to sort out these issues by objection at trial. That approach does not work for testimony from witnesses whom the government presents as having unique personal knowledge but who cannot qualify as experts under the Rules. Once a witness tells the jury that an arrangement was a "major violation" or that a company was a "front," the harm is done whether or not the objection is sustained. Rule 103(d) directs that a jury trial be conducted, to the extent practicable, so that inadmissible evidence is not suggested to the jury by any means. Fed. R. Evid. 103(d). Mr. McGuire and Mr. Boone bring this motion now so that the Court can put in place procedures that do not prejudice the government at all when the testimony it seeks to introduce is proper, and that prevent an avoidable error, and the extreme prejudice it would cause, when it is not.

Mr. McGuire and Mr. Boone therefore ask the Court to grant the relief sought in their motion and supporting brief (Docs. 369, 370) and, at a minimum, to direct the government to raise the matter outside the jury's presence *before* eliciting any witness's opinion that any alleged conduct violated a regulation, contract term, or the law, or characterizing it as "wrong," "improper," a "violation," a "front company," a "pass through," or any similar derogatory term.

Dated: September 28, 2026

Respectfully submitted,

/s/ Julia M. Gitelman
Julia M. Gitelman, Esq. (PA 327449)
Efrem M. Grail, Esq. (PA 81570)
THE GRAIL LAW FIRM
428 Boulevard of the Allies, Suite 500
Pittsburgh, PA 15219
(412) 332-9101
jgitelman@graillaw.com
egrail@graillaw.com
Counsel for Daniel E. McGuire

/s/ Lisa A. Mathewson
Lisa A. Mathewson, Esq. (PA 77137)
MATHEWSON LAW LLC
1617 JFK Boulevard, Suite 2027
Philadelphia, PA 19103
(215) 339-9592

/s/ Mark E. Cedrone
Mark E. Cedrone, Esq. (PA 45549)
SAXTON & STUMP
123 S. Broad Street, Suite 2800
Philadelphia, PA 19109
(267) 665-2080
Counsel for Scott E. Boone

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, I served the foregoing Reply Brief on all counsel of record through the Court's CM/ECF system.

/s/ Julia M. Gitelman
Julia M. Gitelman, Esq.